# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

*James West*
_____
Appellant(s),

vs.

*Glide Foundation et al*
_____
Appellee(s).

9th Cir. Case No. **24-6213**
_____

District Court or
BAP Case No. **21-cv-02370**
_____

## APPELLANT'S INFORMAL OPENING BRIEF

*(attach additional sheets as necessary, up to a total of 50 pages including this form)*

**JURISDICTION.** This information helps the court determine if it can review your case.

1.   Timeliness of Appeal:

   a.   What is the date of the judgment or order that you want this court to review? **September 11, 2024**

   b.   Did you file any motion, other than for fees and costs, after the judgment was entered? Answer yes or no: _____ **No** _____

   - If you did, on what date did you file the motion? _____

   - For prisoners or detainees, what date did you give the motion to prison authorities for mailing? _____

   - What date did the district court or bankruptcy appellate panel (BAP) decide the motion that you filed after judgment? _____

   c.   What date did you file your notice of appeal? **October 8, 2024**

   - For prisoners or detainees, what date did you give your notice of appeal to prison authorities for mailing? _____

Case: 24-6213, 02/28/2025, DktEntry: 10.1, Page 2 of 44

9th Cir. Case No. **_24-6213_**                                             Page 2

**FACTS.** Include all facts that the court needs to know to decide your case.

2.    What are the facts of your case?

      ***see attached pages***

9th Cir. Case No. **_24-6213_**                                             Page 2

9th Cir Case No. 24-6213

West v Glide Foundation el al   9th Cir. Case No. 24-6213

FACTS: Include all that the court needs to know to decide your case.

2.   What are the facts of your case?

FACTS

The facts for this appeal regarding Glide Foundation et al (Defendants Glide Foundation and Karen Hanrahan, CEO Glide Foundation) are follows:

August 3, 2021, Plaintiff in pro se, filed a First Amended Complaint naming certain homeless shelter operators and various corporate officers, managers and employees as defendants claiming race, disability, sex, and sexual orientation discrimination as well as retaliation under FHA, ADA, and related California state statutes and negligence in the homeless shelter programs administrated, managed, and operated by City and County of San Francisco and various homeless shelter contract operators for San Francisco homeless shelter system.

The First Amended Complaint alleges Plaintiff a disabled homeless Afro-American non gender confirming individual accessing federal funded homeless shelter programs and services in the City and County of San Francisco was subjected to a repeated racially and sexually hostile housing environment by being subjected to racial slurs, sexually unwelcomed advances, and disability discrimination by being subjected to toxic tobacco smoke as a person with a respiratory disability that was aggravated by exposure to repeated tobacco smoke over a 6 year period.  Additionally, Plaintiff was subjected to threats of violence and attempted assault or battery as a result of Plaintiff complaints to various SF city agencies.

The defendants included: City and County of San Francisco (CCSF), Dolores Street Community Services (DSCS), Episcopal Community (ECS) Services of San Francisco, Glide Foundation and Glide Foundation CEO Karen Hanrahan  (see DKT 34, ¶ 14 ).

The First Amended Complaint (Dkt 34) at (¶ 12, 13) identified Glide Foundation as a nonprofit public benefit corporation that provided "daily free mails 7 days a week, a homeless walk-in-center and other programs and

Question 2 page 1
9th Cir Case # 24-6213
District Court Case # 21-cv-02370

9th Cir Case No. 24-6213

services designed for homeless, low income and individuals struggling with substance abuse. Plaintiff also pled that Glide Foundation manages and operates Glide Health Services a federally funded nurse-managed health Center which received $1.5 million federal grant to provide medical services.

On November 24, 2021, Plaintiff filed (Dkt 57) Application for Entry of Default Against Defendant Glide Foundation and a motion for Entry of Default against Glide Foundation (Dkt 60) because Glide Foundation and Karen Hanrahan did not make an appearance or file any kind of response to Plaintiff's First Amended Complaint.

Defendant Glide Foundation after being served with the summons and complaint on November 2, 2021 and being sent a letter warning Defendants Glide Foundation et al that a default would be entered against them in this lawsuit on November 24, 2021, Glide never responded to the lawsuit from November 24, 2021 to present.

On November 24, 2021, Plaintiff mailed a letter via certificate of mailing to Glide Foundation CEO, Karen Hanrahan which included copies of the following:

January 23, 2020, Letter of Concern from SF Human Rights Commission written by Navmeet Bajwa to Karen Hanrahan (Exhibit 1)

June 22, 2015 Medical verification letter from UCSF Acute Care Clinic MD, Mai-Khanh Bui-Duy (Exhibit 2)

November 22, 2019 Medical verification letter UCSF Otolaryngology MD, Matthew Russell (Exhibit 3)

November 24, 2021 certificate of mailing dated November 24, 2021 (Exhibit 4)

9th Cir Case No. 24-6213

See attached exhibits 1,2,3,4 to this appeal.

Exhibit 1, Letter of Concern SFHRC, is referenced in the Second Amended Complaint at paragraphs 483-487; 533-536.

Exhibit 3, Dr Russell's medical accommodation is reference in the Second Amended Complaint at paragraphs 487-496.

***Exhibits 2 and 4 are not part of the case docket records and requests the appeal court to grant supplementation.***

On December 1, 2021 (Dkt 61), Clerk's Notice of Entry of Default against Defendant Glide Foundation was entered on the docket. (Exhibit 5)

Plaintiff pled that Northern District Court of California, San Francisco has original jurisdiction in this action 28 USC sections 1331, 1343, 1367, and 2200.

This action is brought under 42 USC section 3601 et esq., Title VI of the Civil Rights Act of 1964 (42 USC section 2000d et esq., Section 509 of the Rehabilitation Act of 1973 (42 USC section 794 et esq.), Title II and Title III of the American with Disabilities Act of 1990 (42 USC section 12131 et seq and 12181 et seq) and Title 1 of the Housing and Community Development Act of 1974 (42 section USC 5309 et seq).

This Court also has supplement jurisdiction under USC section 1367(a) over the related state law claims and violations: California Government Code section 12955 et seq, California Government Code section 815.4 and section 815.6 as well as related state law claims for negligence. This is action for declaratory judgment, permanent injunctive relief, damages, costs, and attorneys' fees alleging a continuing pattern and practice of racial and sex, disability discrimination in homeless shelter administration, management and operations. This action also includes claims for retaliation for protected conduct.

9th Cir Case No. 24-6213

Plaintiff omits the facts and claims against the following defendants, their managers and employees because on (Dkt 130) February 13, 2024 and again on (Dkt 141) July 1, 2024 CCSF, DSCS, ECS and Plaintiff settled and an order to dismiss the case and claims against those defendants was filed on (Dkt 143) August 27, 2024.

On (Dkt 117) August 21, 2023, Limited Scope Pro Bono Counsel was appointed for the purposes of settlement and on August 27, 2024 Dkt (144) Pro Bono Counsel was terminated.

On September 11, 2024, Plaintiff proceeding again in pro se filed a status report stating (Dkt 146 - page 2 lines 14-20) "Plaintiff now proceeding in pro se has been working with the Federal Pro Se program to file, serve, and execute a default judgment motion against Glide Foundation. Plaintiff expect to file a default judgment motion with in the next 60 to 90 days".

On September 11, 2024 (Dkt 147, 148), the Court responded with an order closing the case stating "When Plaintiff filed the Second Amendment Complaint Karen Hanrahan and Glide Foundation were not included as named defendants Docket No. 101 September 20, 2022. ... Plaintiff's claims against these Defendants were already effectively dismissed as Plaintiff failed to include them in the Second Amended Complaint, the Operative Complaint herein .... A plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint. (Exh. 6)

The court cites Jackson v Med Bd of California and London v Coopers Lybrand.

On October 8, 2024 (Dkt 149), Plaintiff files a motion for Leave to File Motion for Reconsideration and a Notice of Appeal (Dkt 150) stating in the request for reconsideration that "The Court has made an error or oversight. Plaintiff did include Glide Foundation Defendants (naming Glide Foundation and Karen Hanrahan) in the body of the Second Amended Complaint. (Exh. 7)

However, due to clerical error Glide Defendants were omitted from the caption page of the Second Amended Complaint. Additionally, Plaintiff's claim against Glide Foundation Defendants can be found in the Second Amended Complaint on pages 172-176 and paragraphs 711-727. (Exh 11-12)

9th Cir Case No. 24-6213

On October 9, 2024 (Dkt 151), the Court denied Plaintiff's request for reconsideration and this appeal to the 9th circuit court of appeals ensures. The facts in West v Glide Foundation et al are distinguishable from the Jackson v Med Bd of California and London v Coopers & Lybrand cases as cited by the District Court. (Exh 8)

The distinguishable fact are as followings:

a) Glide Foundation and Karen Hanrahan, Glide CEO failed to timely respond to the lawsuit after being served with the summons and complaint serviced by the U.S. Marshall's office on November 9, 2021 (Dkt 48). Glide Foundation and Karen Hanrahan's response was due on November 23, 2021.

b) On November 24, 2021, Plaintiff sent a letter via certificate of mailing warning Glide Foundation of a pending lawsuit filed in the San Francisco Federal district court.

   The warning letter had attached the following:
   Letter of Concern from SF Human Rights Committee
   Medical verification from Plaintiff's treating physicians
   Requesting a reasonable accommodation

c) Also on November 24, 2021 (Dkt 57, 60), Plaintiff filed an Application and a Motion for Entry of Default against Glide Foundation and Karen Hanrahan.
   Glide Foundation's response to the lawsuit was due on November 23, 2021 and a proof of service was filed with the court.

d) On December 1, 2021, (Dkt 61) Clerk's Notice of Entry of Default against Defendant Glide Foundation was entered.

e) Defendants City and County of San Francisco, Dolores Street Community Services, Episcopal Community Services of San Francisco filed motion to Dismiss Plaintiff's first and Second Amended Complaints. (See dkts 29, 34, 37, 38, 50, 102, 103, 104)

9ᵗʰ Cir Case No. 24-6213

f) Plaintiff pro se filed oppositions to all motions to dismiss. Glide Foundation nor Karen Hanrahan, Glide's CEO never responded to the lawsuit and never challenged the complaint, its allegations, claims or causes of action in any of the complaints filed in this lawsuit.

g) On January 31, 2023 (dkt 113), the district court issued an order requesting Limited scope pro bono representation thru the Federal Pro Bono Project and issuing an order stating:

"all proceedings in this action are hereby stayed until four weeks from the date an attorney is appointed to represent Plaintiff in this action." (Exh 9 – page 2, paragraph 3)

h) On August 21, 2023, (Dkt 117), Pro Bono Counsel was appointed and settlement proceedings commenced.

i) On February 28, 2024, (Dkt 132), Plaintiff attempted to file a motion to begin the process of proceeding with a default judgment against Glide Foundation and Karen Hanrahan. The filing was rejected "because he is represented by counsel. Mr. West will remain unable to file via ECF unless and until Mr. West's counsel is relieved from representation." (Exhibit 13)

j) Plaintiff pro se named Glide Defendants (Glide Foundation and Karen Hanranhan) within the body of the Second Amended Complaint which re-pled all the claims in the prior complaint on pages 172-176 at paragraphs 711-727. Plaintiff's omission to include Glide Foundation and Karen Hanrahan in the caption of the Second Amended Complaint was the result of an software editing error, was not voluntarily or intentional. (Exh 12)

k) Plaintiff pro se was prevented from proceeding with Plaintiff's default judgment against Glide Foundation et al because the Court had stayed proceedings and the court staff "locked Plaintiff out of the e-file system" as Plaintiff was represented by limited scope pro bono counsel. The district court staff made no distinction between full scope representation and limited scope representation.

9th Cir Case No. 24-6213

1)   Further, Plaintiff 's pro bono counsel discouraged Plaintiff from proceeding with Plaintiff's default judgment motion because of a concern that the motion would interfere or complicate the on going settlement efforts as pro bono counsel was concerned that the homeless shelter operators shared the same insurance defense group and a default judgment awarded against Glide Foundation et al would prompt Glide to respond to the lawsuit as Plaintiff would seek to collect the default judgment award.  Defendant(s) attorneys worked cooperatively in opposing Plaintiff's lawsuit.

9th Cir. Case No. **24-6213**                                       Page 3

**PROCEEDINGS BEFORE THE DISTRICT COURT OR THE BAP.** In this
section, we ask you about what happened before you filed your notice of appeal with
this court.

3.    What did you ask the district court or the BAP to do—for example, did you
      ask the court to award money damages, issue an injunction, or provide some
      other type of relief?

      *see attached pages*

4.    What legal claim or claims did you raise in the district court or at the BAP?

      *see attached pages*

5.    **Exhaustion of Administrative Remedies.** For prisoners, did you use up all
      administrative remedies for each claim before you filed your complaint in the
      district court? If you did not, please tell us why.

      *This part is not applicable in this case. This is not a prisoner appeal.*

West v Glide Foundation et al          9th Cir. Case No. 24-6213

Question 3 page 3

Proceedings Before the District Court or the BAP

On September 11, 2024 (Dkt 145, 146, Plaintiff proceedings pro se filed a status report stating" Plaintiff expects to file a default judgment against Glide Foundation et al within the next 60 to 90 days.

On October 8, 2024, Plaintiff filed a motion for file Leave to file motion for reconsideration stating " The Court has make an error or oversight. Plaintiff did include Glide Foundation Defendants in the body of the Second Amended Complaint."

Additionally, Plaintiff requested the following relief in the Second Amended Complaint:

- a declaratory judgment against all defendants that defendant were negligent and violated Plaintiff's housing rights;

- a permanent injunction against prohibiting defendants from race, sex, color, and disability discrimination and retaliaton for protected activity;

- compensation for out of pocket expenses;

- compensation for loss of enjoyment, humiliation, embarrassment, physical harm and other harms (i.e. exposure to second hand cigarette smoke;

- punitive damages;

- reasonably attorney fees and costs;

- all other relief deemed just and equitable by the court.

Question 3 page 1
9th Cir. Case # 24-6213

West v Glide Foundation el al          9th Cir. Case No. 24-6213

# Question 4

Question 4. What legal claim or claims did you raise in the district court or at the BAP?

**Second Amended Complaint** Glide Foundation and Karen Hanrahan (Glide Defendants) claims are found at pg 172-176 and paragraphs 711-7127. Exhibit 12

Violations of the Federal Fair Housing Act, Title II and III of the ADA Act of 1990, California Fair Housing Act (FEHA), California Disabled Person Act and per se negligence, gross negligence and for retaliation.

(Dkt 143) Other Defendants were dismissed from the case on August 27, 2024.

**Second Amended Complaint Claims Against** City and County of San Francisco:

California Government Code section 815.6 – Violation of Federal Mandatory duties:  Comply with Federal Emergency Shelter Housing Standards

| | |
|---|---|
| p. 71 | 24 CFR 576.401 - Shelter Eligibility Criteria |
| p. 75 | 24 CFR 576.403 - Shelter Housing Standards |
| p. 79 | 2 CFR 200.303 -  Use of Recyclable Products/Services |
| p. 83 | 2 CFR 200.329  -  Monitoring, Reporting Requirement |
| p. 86 | 2 CFR 200.332  -  Verify Contractor Eligibility |
| p. 87 | 24 CFR 576.407(a)(b) – Nondiscrimination Compliance |
| | 24 CFR 5.05- Domestic Violence Victims Protection |
| p. 91 | 24 CFR 1.4 – Discrimination Prohibited |
| p. 97 | 28 CFR 35.130 – Disability Discrimination Prohibited |
| p. 101 | 24 CFR 110  -  Display Fair Housing Poster (Signs) |

West v Glide Foundation el al          9th Cir. Case No. 24-6213

California Govt Code section 815.4 Negligent Hiring, Supervision And Retention of Independent Contractors

p. 104      Episcopal Community Services of San Francisco (ECS)
p. 108      Glide Foundation
p. 119      Dolores Street Community Services (DSCS)

Constitutional Violations

p. 120      Deliberate Indifference – Equal Protection Violations

California Govt Code 815.2 + 820 Public Entity Liable for Employees Acts or Omissions

p. 124  SF Human Relations Commission – Glide Foundation
p. 129  SF Human Relations Commission – Dolores Street Service)

**Second Amended Complaint Claims Against** City and County of San Francisco (continued):

p.133       42 USC 1983 – Equal Protection

p.138   Negligence (CA Govt Code 815.2 + 820)
        Special Relationship Doctrine
        Cathy Purdue + SF Homelessness & Supportive
        Housing (HSH) Agency

Second Amended Complaint Claims against **Episcopal Community Services of San Francisco (ECS):**

p. 158      ECS Negligence per se
            Violations of SF City Shelter Standard of Care
p. 163      Negligent Supervision – Kathy Trieggiari
p. 165      Negligence ECS Managers Brown + Nmeke
p. 167      Retaliation for Calling Police (FHA + FEHA)

West v Glide Foundation el al          9th Cir. Case No. 24-6213

p. 170       ECS Disability Housing Unavailable (FHA + FEHA)

p. 178, 180   Claims for Title VI, FHA, FEHA

**Second Amended Complaint Claims against Dolores Street Community Services (DSCS):**

p. 29        FHA + FEHA DSCS + Hidalgo
             Sexual Harassment

p. 31,32     FHA+FEHA+ Title VI
             Race + Sex Discrimination

p. 34        FHA+FEHA – Disability Discrimination

p. 35,36     FHA+ FEHA Sex Discrimination

**Second Amended Complaint Claims against Dolores Street Community Services (DSCS)**

p.37         FHA+FEHA Retaliation

p.42         Negligence per Se
             Violations of SF Standard of Care City Shelters

p.46         Negligence per se
             24 CFR 110 Failure to Display Fair Housing Poster

p.49         Negligence

p.52         Negligence DSCS Staff

p.58         Negligence Hiring, Supervision, Training + Retention

9th Cir. Case No. _____ **24-6213** _____                    Page 4

## PROCEEDINGS BEFORE THE COURT OF APPEALS. In this section, we ask you about issues related to this case before the court of appeals and any previous cases you have had in this court.

6.   What issues are you asking the court to review in this case? What do you think the district court or the BAP did wrong?   *Appellant is requesting the appeals court*

*review the following district court orders: (a) order @ dkt 147, 148 which prevents Plaintiff from proceeding with the default judgment againts Glide Foundation et al.*

*(b) order @ dkt 151 denying motion for leave to file reconsideration motion.*

*Appellant contents the district court erred in concluding Appellant waived his claims against Glide Foundation et al. The omission was due to software and clerical error which inadvertently resulting in Glide Foundation and Karen Hanrahan being omitted from the caption page of the 2nd Amended Complaint.*

*(see attached pages for Appellant request for review of more court orders under pages labeled Question 6, if there are any.) Appellant is still reviewing the district court for review of additonal orders, ruling etc.*

7.   Did you present all issues listed in Question 6 to the district court or the BAP?
     Answer yes or no: _____ *Yes* _____

If not, why not?

*Yes, Plaintiff's motion for leave to file a motion to reconsider presented a summary of reasons why the district court should reconsider closing the case thus preventing from filing a default judgment against Glide Foundation et al.*

9th Cir. Case No. ___*24-6213*___                                                        Page 5

8.  What law supports these issues on appeal? (You may refer to cases and statutes, but you are not required to do so.)

a) *Wright and Miller, Federal Practice and Procedure section 1321 at 730*
*"a defective caption or even its complete absence is merely a formal error and never should be viewed as a fatal defect."*

b) *Ferdik v Bonzelet 963 F2d 1258 (9th Cir. 1992)*
*Holding that a district court must provide the litigant with notice of the deficiencies in his complaint prior to dismissal.*

c) *Eldridge v Block 832 F2d 1132, 1137 (9th Cir. 1987)*
*Holding that courts must liberally construe pleadings of pro se litigants*

d) *Boag v MacDonald 102 S. Ct. 700 (1982)*
*Holding Federal courts must construe inartful pleadings liberally in pro se actions.*

9th Cir. Case No. **24-6213**                                              Page 6

9.    **Other Pending Cases.** Do you have any other cases pending in the court of appeals? If so, give the name and docket number of each case.

*No, other cases pending in the court of appeals.*

10.    **Previous Cases.** Have you filed any previous cases that the court of appeals has decided? If so, give the name and docket number of each case.

*Yes, James West v Palo Alto Housing Corporation et al docket # 19-16458.*

**James West**
_____
Name

**P.O. Box 15251 SF, CA 94115**
_____

_____
Address

**/s/ James West**
_____
Signature

2/28/2025
_____
Date

West v Glide Foundation et al
9th Cir. Case No. 24-6213

# Table of Exhibits

| | |
|---|---|
| Exhibit 1(a) | Nov. 24, 2021 Letter Warning Glide Foundation Pending default motion in federal district court |
| Exhibit 1(b) | SF Human Relations Comm. Letter of Concern |
| Exhibit 2 | Dr. Bui Duy (2015) reasonable accommodation Requested + medical verification |
| Exhibit 3 | Dr. Russell (2019) reasonable accommodation Request + medical verification |
| Exhibit 4 | copy of certificate of mailing |
| Exhibit 5 | Entry Default against Glide Foundation (Dkt 61) |
| Exhibit 6 | Order Re: Case Closed (Sept 11, 2024 - Dkt 147) |
| Exhibit 7 | Plaintiff motion Leave to file reconsider (Dkt 149) |
| Exhibit 8 | Order denying Leave to reconsideration (Dkt 151) |
| Exhibit 9 | Order Stay Proceedings locate Counsel (Dkt 113) |
| Exhibit 10 | Caption/Intro pages of 1st Amended Complaint |
| Exhibit 11 | Caption Page 2nd Amended Complaint |
| Exhibit 12 | Claims pled against Glide 2nd Amended Compl. |
| Exhibit 13 | Dkt 132 no ECF docs permitted filed by Plaintiff |
| Exhibit 14 | Cert of Service Entry of Default Glide (Dkt 57) |

1
Table of Exhibits
9th Cir. Case No. 24-6213

Exhibit 1(a)

James West                                              November 24, 2021
P.O. Box 15251
San Francisco, California 94115

Karen J. Hanrahan
330 Ellis Street  San Francisco, California 94102

Dear Ms. Hanrahan:

A lawsuit has been filed against your organization in California
Federal District Court alleging that your organization engaged in
various discriminatory acts, harassment, retaliation and other
wrongful acts.  West v CCSF case#3:21-cv-02370-JCS

On November 2 2021, the U.S. Marshall Service served your
organization at Ellis Street in San Francisco, California.

The Court required a response from your organization on
November 23, 2021 but your organization did not response and a
default judgment filing is pending against your organization.

If a default judgment is granted, I will seek collection of damages,
costs and fees.

If you wish to settlement this matter, you may contact me at the
address above.

Sincerely yours,
James West
James West
Attachments – Letter from SF Human Rights Commission
            - Letters Regarding Mr. West respiratory disability
            - And his exposure to smoking by staff and clients
            - At the meal Lines and Emergency Shelter Lines

Exh 1(b)

City and County of San Francisco
# HUMAN RIGHTS COMMISSION



Sheryl Evans Davis
Executive Director

London Breed
Mayor

## Letter of Concern

**January 23, 2020**

GLIDE Foundation
ATTN: Karen Hanrahan
330 Ellis Street
San Francisco, CA 94102

*Via Certified U.S. mail and email to: jcarpentier@glide.org*

Dear Karen Hanrahan,

The San Francisco Human Rights Commission (HRC) is the department of the City and County of San Francisco that implements local anti-discrimination ordinances.

The HRC has been contacted by Jay West, who stated a number of concerns regarding his treatment when accessing GLIDE's Daily Free Meals service. Mr. West has an upper respiratory condition that is aggravated by cigarette smoke. Mr. West shared concerns about other clients and staff smoking in line while waiting to access GLIDE's meal service. Mr. West states that staff at GLIDE do nothing to stop clients from smoking at and in line and this is a violation of San Francisco City Ordinance regarding smoking in service lines.

Further, Mr. West shared that he has requested an accommodation of being able to access the meal service through the mealtimes for seniors, families, and adults with disabilities, but has been denied that accommodation. Mr. West has a doctor's note from November 22, 2019 that requests the facility to be consistent with appropriate non-smoking policies and to provide a smoke-free environment as to not aggravate his upper respiratory condition. Mr. West further states that he is being deliberately targeted and harassed with smoke by clients and staff because of his prior complaints regarding smoking and misconduct by GLIDE staff.

Please note that this is not a formal complaint, and HRC has not conducted an investigation of these allegations. HRC acts in a neutral role to investigate and mediate complaints; we do not act as advocates or representatives for any person.

I would like to speak with you as soon as possible to discuss this matter. Please contact me by phone at **(415) 252-2517** or by email at **Navneet.Bajwa@sfgov.org**. Thank you.

Exh 16)

Sincerely,

Navneet (Nina) Bajwa
San Francisco Human Rights Commission



Exh 2

### UCSF Medical Center

### UCSF Benioff Children's Hospital

June 22, 2015

**UCSF Screening & Acute Care Clinic**
400 Parnassus Ave 1st Fl
San Francisco CA 94143-2202
Phone: 415-353-2602
Fax: 415-353-2699

To Whom It May Concern:

Mr West was seen in clinic today. He has an upper respiratory condition that is aggravated by cigarette smoke. Mr West has informed me that he is being exposed to cigarette smoke by others as he attempts to access homeless services.

Mr West and I request that your facility, consistent with appropriate non-smoking policies, provide Mr West with a smoke-free environment as not to further aggravate his upper respiratory condition.

If you have any questions or concerns, please don't hesitate to call.

Sincerely,

Mai-Khanh Bui-Duy, MD



Exh 3



November 22, 2019

**UCSF Division of General** Patient:     **West**
**Otolaryngology**
400 PARNASSUS AVE FL
1
SAN FRANCISCO CA     Date of Visit: **11/22/2019**
94143-2202
Phone: 415-353-2757
Fax: 415-353-2603      To Whom it May Concern:

Mr West was seen today in clinic today. He has an upper respiratory condition that
is aggravated by cigarette smoke. Mr West has informed me that he is being
exposed to cigarette smoke by other as he attempts to access social services.

Mr West and I request that you facility, consistent with appropriate non-smoking
policies, provide Mr West with a smoke-free environment as not to further
aggravate his upper respiratory condition.

If you have any questions or concerns, please don't hesitate to call.

Sincerely,

Matthew S Russell, MD

Electronically signed by Matthew S Russell, MD on 11/22/2019, 12:51 PM

CC

Exh 4

U.S. POSTAL SERVICE     CERTIFICATE OF MAILING

MAY BE USED FOR DOMESTIC AND INTERNATIONAL MAIL, DOES NOT
PROVIDE FOR INSURANCE–POSTMASTER

Received From:

James West
P.O. Box 15051
SF, CA 94115

One piece of ordinary mail addressed to:

Attn: Erby Foster
Glide Foundation
330 Ellis Street SF, CA
94102

PS Form 3817, January 2001

U.S. POSTAGE PAID
FCM LETTER
SAN FRANCISCO, CA
94128
NOV 24, 21
AMOUNT
$1.65
R2304H109079-90

1000

Exh 5

Case 3:21-cv-02370-EMC   Document 61   Filed 12/01/21   Page 1 of 1



## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

450 Golden Gate Avenue

San Francisco, CA 94102

*cand.uscourts.gov*

December 1, 2021

**RE: 3:21-cv-02370-EMC,  James West v. City and County of San Francisco, et al**

**Default** is *entered* as to Glide Foundation on December 1, 2021.

Kathleen M Shambaugh (Acting), Clerk of Court

by;  Thelma Nudo
Case Systems Administrator

*REV. 7-19*

Exh.6

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES WEST,

        Plaintiff,

        v.

GLIDE FOUNDATION, et al.,

        Defendants.

Case No. 21-cv-02370-EMC

**ORDER RE: CASE CLOSED**

This Court makes all parties aware that this is CLOSED as to all Defendants, including prior named Defendants Glide Foundation and Karen Hanrahan.

On August 27, 2024, this Court entered the Stipulation of Dismissal and Order Dismissing Claims Against Certain Defendants. *See* Docket No. 143. In this Stipulated Order, the Plaintiff voluntarily dismissed his claims under Rule 41(a)(1)(A)(ii) due to a reached settlement with the following Defendants: Episcopal Community Services, Kathy Treeggiari (The name in the caption is incorrectly spelled Kathy Treeggiari; the correct spelling is Kathy Treggiari), Jarrell Brown, Emeke Nmeke (The name in the caption is incorrectly spelled Emeke Nmeke; the correct spelling is Emeka Nnebe), Dolores Street Community Services, Saul Hidalgo, Yesenia Lacayo, Steven Reus, City and County of San Francisco, Cathy Perdue, and all Parties that have appeared in the action. *Id.* at 1-2.

The Stipulation further noted "For the avoidance of doubt, Plaintiff does not voluntarily dismiss any claims against Defendants Glide Foundation or Karen Hanrahan." *Id.* at 2. However, those two Defendants are no longer in the case. Plaintiff previously included Karen Hanrahan and Glide Foundation as parties in the First Amended Complaint. Docket No. 31 (August 31, 2021).

Exh 6

On November 24, 2021, Plaintiff filed a motion for entry of default against Glide Foundation for "failure to plead or otherwise defend against this action in a timely manner" after being properly served pursuant to Federal Rules of Civil Procedure Rule 4. Docket No. 60 (November 24, 2021). On December 1, 2021, the Court entered the default as to the Glide Foundation. Docket No. 61. The Court did not, however, enter default judgement against this Defendant, so Glide Foundation remained part of the case. Importantly, when Plaintiff filed the Second Amendment Complaint, Karen Hanrahan and Glide Foundation were not included as named defendants. Docket No. 101 (September 20, 2022).

Though Defendants Glide Foundation and Karen Hanrahan were not included in the Court's Stipulated Order, Plaintiff's claims against these Defendants were already effectively dismissed as Plaintiff failed to include them in the Second Amended Complaint, the Operative Complaint herein. *See Jackson v. Med. Bd. of California*, No. 2:07-CV-02188-SVW-RZ, 2012 WL 13019955, at *11 (C.D. Cal. Apr. 19, 2012) ("This conclusion is consistent with the well-established rule in the Ninth Circuit that "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)) (citing Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial, § 8:1551 (Rutter Group 2011)) ("An amended complaint that drops a defendant named in the original complaint effectively dismisses that defendant from the action.").

The Court notes that on September 11, 2024, Plaintiff filed a status report noting he expects to file a default judgment motion against former Defendants Glide Foundation and Karen Hanrahan within the next 60 to 90 days, but this request comes too late. Docket No. 146.

//
//
//
//
//
//
//

United States District Court
Northern District of California

2

Exh 6

Accordingly, this case is CLOSED.  All future status conference will be removed.

**IT IS SO ORDERED**.

Dated: September 11, 2024

EDWARD M. CHEN
United States District Judge

Exh 7

James West
P.O. Box 15251
San Francisco, California 94115
westjcourt@gmail.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

James West,

      Plaintiff,

    v

Glide Foundation et al

      Defendant(s)

Case No.: 21-cv-02370

Plaintiff's Motion for Leave to File Motion for Reconsideration N.D. CAL. CIVIL L.R. 7-9

Judge Edward M Chen

      On September 11, 2024, The Court entered an Order: Case Closed document #147 stating : Plaintiff failed to include these Defendants (Glide Foundation and Karen Hanrahan to be referred to as Glide Defendants) in the Second Amended Complaint.

      The Court has made an error or oversight.  Plaintiff did include Glide Foundation Defendants in the body of the Second Amended Complaint.  However, due to clerical error Glide Defendants were omitted from the caption page of the Second Amended Complaint.

Exh 8

Plaintiff's claims against Glide Foundation Defendants can be found in the Second Amended Complaint on pages 172-176 and paragraphs 711-727.

Plaintiff's claim against Glide Foundation include violations Federal Fair Housing Act, Title 2 and Title 3 of the ADA, California Fair Housing Act, California Disabled Persons Act and general and per se negligence claims. Plaintiff respectfully submits that reconsideration of the Order as appropriate because Plaintiff did include Glide Foundation Defendants in the Second Amended Complaint and Plaintiff would be deprived of the opportunity to seeks compensation for damages from Glide Foundation Defendants resulting from their deliberate and wrongful conduct.

At no time during the course of this lawsuit did Glide Foundation Defendants response especially given Glide Foundation Defendants were given notice of the lawsuit.

 Plaintiff respectfully request leave to file motion to reconsider orders to close the case and permit Plaintiff to process with the default judgment motion.  Plaintiff has acted with reasonable diligence in bringing this motion.

Dated October 8, 2024                              /s/ James West

Exh 9

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

JAMES WEST,

Plaintiff,

v.

GLIDE FOUNDATION, et al.,

Defendants.

Case No. 21-cv-02370-EMC

**ORDER DENYING LEAVE TO FILE MOTION FOR RECONSIDERATION**

Docket No. 149

On October 8, 2024, Plaintiff filed a motion for leave to a file a motion for reconsideration (Docket No. 149) of this Court's Order closing the case at Docket No. 147. The Court denies Plaintiff's request, as none of the grounds for reconsideration are met. Civil L.R. 7-9. The Court was aware of and considered all facts the Plaintiff has cited. It does not find any error or oversight in its Order at Docket No. 149 warranting reconsideration.

Plaintiff's request is DENIED, and the case remains CLOSED.

**IT IS SO ORDERED.**

Dated: October 9, 2024

_____
EDWARD M. CHEN
United States District Judge

Exh 10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JAMES WEST )<br><br>Plaintiff, )<br><br>v. )<br><br>CITY AND COUNTY OF SAN )<br>FRANCISCO, et al., )<br><br>Defendants. ) | Case Number: 3:21-cv-02370-EMC<br><br>ORDER TO LOCATE PRO BONO<br>COUNSEL; STAYING PROCEEDINGS |

The Plaintiff having requested and being in need of counsel to assist him in this matter and good and just cause appearing,

IT IS HEREBY ORDERED that Plaintiff shall be referred to the Federal Pro Bono Project ("Project") in the manner set forth below:

1. The clerk shall forward this order to the Project office. The scope of this referral shall be for:

☐ all purposes for the duration of the case

☒ the limited purpose of representing the litigant in the course of

    ☐ mediation

    ☐ early neutral evaluation

    ☒ settlement conference

    ☐ briefing ☐ and hearing on the following motion (e.g., motion for summary judgment or motion to dismiss): _____

    ☒ discovery as follows: discovery reasonably pertinent to settlement

    ☐ other: _____

Exh 10

2.    Upon being notified by the Project that an attorney has been located to represent the plaintiff, that attorney shall be appointed as counsel for Plaintiff in this matter for the scope of representation described above.  If the appointment of counsel is for limited purposes, the Court shall issue an order relieving the volunteer attorney from the limited representation of the litigants once those purposes have been fulfilled.

3.    All proceedings in this action are hereby stayed until four weeks from the date an attorney is appointed to represent Plaintiff in this action.


IT IS SO ORDERED.


Dated:  January 30, 2023

_____
EDWARD M. CHEN
United States District Judge

Exh 10

James West
P.O. Box 15251
San Francisco, California 94115
westjcourt@gmail.com
Pro Se Plaintiff
415-635-1547

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

James West, pro se

      Plaintiff,

      vs.

CITY AND COUNTY OF SAN
FRANCISCO;
EPISCOPAL COMMUNITY
SERVICES OF SAN FRANCISCO;
KATHY TREEGGIARI, EPISCOPAL
COMMUNITY OF SAN FRANCISCO,
JARRELL BROWN, EPISCOPAL
COMMUNITY SERVICES OF SAN
FRANCISCO,
EMEKE NMEKE, EPISCOPAL
COMMUNITY SERVICES OF SAN
FRANCISCO,
DOLORES STREET COMMUNITY

Case No.: 21-CV-02370 EMC

FIRST AMENDED COMPLAINT

JURY TRIAL DEMANDED



FIRST AMENDED COMPLAINT - 1

Exh 10

SERVICES INC.;

GLIDE FOUNDATION;

KAREN HANRAHAN, CEO GLIDE

FOUNDATION;

SAUL HIDALGO, DEPUTY

DIRECTOR, DOLORES STREET

COMMUNITY SERVICES INC.;

YESENIA LACAYO, PROGRAM

DIRECTOR DOLORES STREET

COMMUNITY SERVICES;

STEVEN REUS, OPERATIONS

MANAGER DOLORES STREET

SERVICES;

    Does 1-25

       Defendants

## PARTIES

1.    **Plaintiff, James West** is a disabled homeless Afro-American non-gender confirming individual residing in San Francisco, Califorina.

FIRST AMENDED COMPLAINT - 2

Exh 10

funds including HUD Emergency Solutions Grant Funds (ESG) to provide essential emergency shelter services

12. **Defendant Glide Foundation** is a nonprofit public benefit California corporation engaged in providing Daily Free meals 7 days a week, a Homeless Walk-In Center, a Women's Center and other social programs designed to service homeless and very poor individuals as well as those struggling with addiction and substance abuse.

13. **Glide Foundation** also manages and operates Glide Health Services, a federally funded nurse-managed health center. Glide Health Services received a $1.5 million grant to continue to provide medical care to its clients and service as training facility for the School of Nursing at UCSF nursing practitioner program.

14. **Karen Hanrahan,** is President and Chief Executive Officer at Glide Foundation.

15. **Saul Hidalgo,** is Deputy Director at Dolores Street Community Services, Inc.

16. **Yesenia Lacayo** is Program Director for Shelter Programs at Dolores Street Programs.

Exh 11

James West
P.O. Box 15251
San Francisco, California 94115
westjcourt@gmail.com
Pro Se Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| James West, | Case No.: 21-CV-02370 EMC |
| Plaintiff, | SECOND AMENDED COMPLAINT |
| vs. | JURY TRIAL DEMANDED |
| **City and County of San Francisco (CCSF),** | |
| CATHY PERDUE, CCSF | |
| **Episcopal Community Services of San Francisco (ESC),** | |
| KATHY TREEGGIARI, ECS, | |
| JARRELL BROWN, ECS, | |
| EMEKE NMEKE, ECS, | |
| **DOLORES STREET COMMUNITY SERVICES INC, (DSCS),** | |
| SAUL HIDALGO, DSCS, | |
| YESENIA LACAYO, DSCS, | |
| STEVEN REUS, DSCS | |
| DOES 1-25 DEFENDANT | |

SECOND AMENDED COMPLAINT - 1
21-CV-02370 EMC

Exh 12

Plaintiff an equal opportunity to use and enjoy his ECS emergency shelter bed;

706. The disabled men section has only dozen beds; ESC staff monitor the section regularly; the section is very close to the staff officer and supervisor and access is limited to only clients staying in the section;

707. further the disabled section is surrounded by the women on the so the only men allowed in that area besides men staff are disabled men;

708. As a resulted, Plaintiff was never able to obtain a disabled bed on the first floor;

709. As a result, Plaintiff continued to be subjected to discrimination conduct and eventually abandon his shelter bed.

710. Plaintiff suffer lost of shelter housing and damages as previous pled in this complaint.

711. Glide Foundation

Exh 12

712.   On January 23, 2020, Plaintiff contacted the San Francisco Human Rights Commission the City and County of San Francisco department that implements local anti-discrimination ordinances regarding his treatment when accessing Glide's Free Meals service.

713.   Plaintiff informed Navneet Bajwa that Mr. West has an upper respiratory condition that is aggravated by cigarette smoke as other meal clients smoke in the meals line. Plaintiff informed Navneet Bajwa that staff at Glide do nothing to stop clients from smoking at and in the line and this is a violation of San Francisco City Ordinance regarding smoking in service lines.

714.   Plaintiff informed Ms. Bajwa that he has requested an accommodation for alternative to waiting in the service line with active smokers but was denied.

715.   Plaintiff informed Ms Bajwa that he was being deliberately targeted and harassed with smoke by clients and

Exh 12

staff because of his prior complaints regarding smoking and misconduct by GLIDE staff.

716.    Ms. Bajwa agreed to write a letter of concern to Karen Hanrahan, Glide CEO requesting to discuss the matter before an investigation is conduct.

717.    Plaintiff is not informed of any discussion between Glide's CEO and Ms. Bajwa of the SF Human Rights Commission.

718.    Prior (May 24, 2016) the SF Human Rights Commission had accepted a formal complaint of discrimination in public accommodation for failure to accommodate a disability.

719.    Plaintiff is not able to access any of Glide meals, health clinic or shelter services due to a failure of Glide to engage Plaintiff in the reasonable accommodation discuss or to provide with an alternative accommodation.

720.    Claim Defendant Glide Foundation for violating the Federal Fair Housing Act, Title II and III of the ADA Act of

Exh 12

1990, California Fair Housing Act, California Disabled Person Act

721.   Defendant Glide Foundation and Defendant Karen Hanrahand will be known as Glide Defendants.

722.   By its actions and failure to act Glide Defendants has made services and access to housing opportunities unavailable because Plaintiff engage in protected activity and on account of Plaintiff disability.

723.   By its actions and failures to act Glide Defendants had discriminated against Plaintiff in terms and conditions or privileges of access to daily meals and other homeless services including access to its health clinic based on disability and protected activity.

724.   Glide defendants discriminatory actions and failure to act were negligent with respect to Plaintiff because knew or should have known about Plaintiff disability and the harassment of smoking and failured to take adequate measures to stop, prevent, and correct the harassment.

725. Glide Defendants discriminatory actions and failure to act were intentional, willful and taken in disregard for the rights of Plaintiff.

726. Plaintiff is an aggrieved person and suffered actual injury and damages as a result of Glide defendants actions.

727. Glide defendants are owed Plaintiff a duty to provide safe action to services and breached that duty. The breach of that duty result in Plaintiff injurys. Glide defendants were grossly and reckless negligent.

728. Prayer for Relief

729. Wherefore, Plaintiff respectfully requests that the Court grant the following relief:

730. a declaratory judgment finding that all the actions of all Defendants violated Plaintiff's housing rights and duty to protect and provide essential services to Plaintiff.

731. a declaratory judgment finding Defendants were negligence.

Exh 13

| | | |
|---|---|---|
| | | Zoom webinar.<br>ALL COUNSEL PARTICIPATING IN THE HEARING ARE REQUIRED TO LOG IN ZOOM NO LATER THAN 2:20 PM.<br><br>Webinar Access: All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/emc<br><br>General Order 58. Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>Zoom Guidance and Setup: https://www.cand.uscourts.gov/zoom/.<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (vla, COURT STAFF) (Filed on 2/22/2024) (Entered: 02/22/2024) |
| 02/28/2024 | 132 | The Court is aware that Mr. West attempted to but was unable to file a motion via ECF on a pro se basis. Mr. West is not able to file documents electronically because he is represented by counsel. Mr. West will remain unable to file via ECF unless and until Mr. West's counsel is relieved from representation. At present Mr. West remains represented by counsel. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (emclc1, COURT STAFF) (Filed on 2/28/2024) (Entered: 02/28/2024) |
| 04/10/2024 | 133 | STIPULATION WITH PROPOSED ORDER filed by James West. (Davoli, Nicholas) (Filed on 4/10/2024) (Entered: 04/10/2024) |
| 04/10/2024 | 134 | Order by Judge Edward M Chen GRANTING 133 STIPULATION REQUESTING A CONTINUANCE OF THE STATUS CONFERENCE.<br><br>"NO FURTHER CONTINUANCES WILL BE GRANTED ABSENT GOOD CAUSE."? (vla, COURT STAFF) (Filed on 4/10/2024) (Entered: 04/10/2024) |
| 04/10/2024 | 135 | CLERK'S NOTICE RESCHEDULING STATUS CONFERENCE.<br><br>Joint Status Report due by 5/28/2024.<br><br>Status Conference reset from 4/16/2024 to 6/4/2024, at 2:30 PM in San Francisco, - Videoconference Only before Judge Edward M Chen. This proceeding will be held via a Zoom webinar.<br><br>ALL COUNSEL PARTICIPATING IN THE HEARING ARE REQUIRED TO LOG INTO ZOOM NO LATER THAN 2:20 PM<br><br>Webinar Access: All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/emc<br><br>General Order 58. Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>Zoom Guidance and Setup: https://www.cand.uscourts.gov/zoom/.<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (vla, COURT STAFF) (Filed on 4/10/2024) (Entered: 04/10/2024) |
| 05/28/2024 | 136 | STATUS REPORT by James West. (Davoli, Nicholas) (Filed on 5/28/2024) (Entered: 05/28/2024) |

Justice   Diversity
CENTER
OF THE BAR ASSOCIATION OF SAN FRANCISCO

Exh 14

## CERTIFICATE OF SERVICE

*You must serve each document you file by sending or delivering to the opposing side. Complete this form, and include it with the Motion to Change Deadline for Filing that you file and serve.*

1. Case name: James West                    v. CCSF et al

2. Case number: 21-cv-02370-EMC

3. Documents served: ██████████████████████ Application For Entry of Default Against Glide Foundation

4. How was the Motion served? *[check one]*

   [X] Placed in U.S. Mail

   [ ] Hand-delivered

   [ ] Sent for delivery (e.g., FedEx, UPS)

   [ ] Sent by fax (if the other party has agreed to accept service by fax)

5. On whom was the Motion served? *[For each person who was sent the document, write their full name and contact information used.]*

   Erby L. Foster
   Glide Foundation
   330 Ellis St
   SF, CA 94102

6. When was the Motion served? 11/24/2021

7. Who served the Motion? *[Whoever puts it into the mail, faxes, delivers or sends for delivery should sign, and print their name and address. You can do this yourself.]*

   I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

   Signature: James West

   Name: James West

   Address: P.O. Box 15251
            SF, CA 94115

**CERTIFICATE OF SERVICE** *[JDC TEMPLATE Rev. 05/2017]*